**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DONALD HUGHES, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO._____ |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, ANA | § | |
| SANDERLIN, and ROCKLAND | § | |
| INSURANCE AGENCY | § | |
| Defendants. | § | |

**DEFENDANTS UNITED PROPERTY AND CASUALTY INSURANCE COMPANY'S**
**AND ANA SANDERLIN'S NOTICE OF REMOVAL**

Defendants United Property and Casualty Insurance Company ("UPC") and Ana Sanderlin ("Sanderlin") file this Notice of Removal:

## I.        PROCEDURAL BACKGROUND

1.        On December 13, 2016, Plaintiff Donald Hughes filed this lawsuit in Fort Bend County, Texas, against United Property & Casualty Insurance Company, Ana Sanderlin, and Rockland Insurance Agency, Inc. ("Rockland").

2.        Plaintiff served UPC with a copy of a Citation and Plaintiff's Original Petition on December 23, 2016.

3.        UPC and Sanderlin filed their Original Answer on January 13, 2017.

4.        Rockland has not yet been served.

5.        UPC files this notice of removal within 30 days of receiving Plaintiff's initial pleading. *See* 28 U.S.C. § 1446(b).  In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

6.      As required by Local Rule 81 and 28 U.S.C. § 1446(a), simultaneously with the filing of this notice of removal, attached hereto as Exhibit A is a copy of the Citation issued to UPC and a Return of Service.  A copy of the Citation issued to Ana Sanderlin is attached as Exhibit B.  A copy of the unserved citation issued to Rockland Insurance Agency, Inc. is attached as Exhibit C.  A copy of Plaintiff's Original Petition is attached as Exhibit D.  A copy of Defendant UPC's and Sanderlin's Original Answer is attached as Exhibit E.  A copy of the docket sheet is attached as Exhibit F.  An index of the matters being filed is attached as Exhibit G, and a list of all counsel of record and parties represented is attached as Exhibit H.

7.      A copy of this Notice is also being filed with the state court and served upon the Plaintiff.

8.      Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Fort Bend County, Texas, the place where the removed action has been pending.

## II.      NATURE OF THE SUIT

9.      Plaintiff's Original Petition alleges few specific facts except that Plaintiff's property located at 2618 Old South Drive, Richmond, Texas 77406 allegedly sustained damage during a storm on or about June 1, 2016, and UPC failed to accept the claim and pay under a policy purchased by Plaintiff.   Defendants UPC and Sanderlin have filed an Original Answer denying Plaintiff's claims.

## III.      BASIS FOR REMOVAL

10.      Under the federal removal statute, 28 U.S.C. § 1441, a defendant may remove a civil action filed in state court to the federal district court for the district and division where the state court is located if that district court could have exercised original jurisdiction over the case.

28 U.S.C. § 1441.  A notice of removal must be filed within thirty days after a defendant is served with notice of suit, and all served and properly joined defendants must timely consent to removal.  *See* 28 U.S.C. § 1446(b); *see also Gillis v. Louisiana*, 294 F.3d 755, 758-59 (5th Cir. 2002).

11.     Removal is proper in this case based on diversity of citizenship under 28 U.S.C. § 1332(a). This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**A.     The Properly Named and Served Parties Are Of Diverse Citizenship.**

12.     Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas.

13.     UPC was at the time this action was commenced, and still is, a foreign (Florida) property and casualty insurance company authorized to do business in the State of Texas.  UPC is organized under Chapter 982 of the Texas Insurance Code.

14.     Sanderlin was at the time this action was commenced, and still is, a resident and citizen of Florida.

15.     Rockland was at the time this action was commenced, and still is, a Texas corporation; however, Rockland has not yet been served.  Numerous courts have held that diversity jurisdiction is not lost where the non-diverse defendant has not been properly served at the time of removal.  *See, e.g.*, *Reynolds v. Personal Representatives of the Estate of Johnson*, 139 F.Supp.3d 838, 841, 842 (W.D. Tex. 2015) ("Section 1441(b)(2) prohibits removal only where a forum defendant has been 'properly joined and served,' and an otherwise proper removal is thus not rendered defective by the presence of a forum defendant in the action who had not been served at the time of removal."); *Breitweiser v. Chesapeake Energy Corp.*, Civil

Action No. 3:15-CV-2043-B, 2015 WL 6322625, at *7 (N.D. Tex. Oct. 20, 2015) (denying the plaintiffs' motion to remand where forum defendants were unserved at the time of removal).

16.     Moreover, Rockland was improperly joined solely to defeat diversity jurisdiction in this case.   Plaintiff's causes of action against Rockland accrued before the loss at issue in this case, as they are based on alleged representations made by Rockland to Plaintiff well before the date of loss of June 1, 2016, Plaintiff identifies in his Original Petition.

17.     Because Plaintiff is a citizen of Texas and Defendants UPC and Sanderlin are citizen of Florida, complete diversity of citizenship exists among the properly named and served parties.

**B.     <u>The Amount in Controversy Exceeds $75,000.00.</u>**

18.     This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that UPC is liable under a homeowners' insurance policy because Plaintiff made a claim under that policy and Defendants UPC and Sanderlin wrongfully adjusted Plaintiff's claim.  Plaintiff expressly pleads in his Original Petition that he seeks monetary relief of no less than $100,000.00 but no more than $200,000.00.

19.     In addition to the amounts sought in this litigation by Plaintiff under his policy, Plaintiff's Original Petition alleges that Defendants are liable under various statutory and common law causes of action for consequential damages, statutory penalties, treble damages, exemplary damages, court costs, and attorney's fees.   As such, Plaintiff's alleged damages greatly exceed the $75,000.00 jurisdictional requirement.

## IV.     CONCLUSION AND PRAYER

20.     Accordingly, all requirements are met for removal under 28 U.S.C. §§ 1332 and 1441.  UPC and Sanderlin hereby remove this case to this Court for trial and determination.

Respectfully submitted,


/s/ Rhonda J. Thompson
**RHONDA J. THOMPSON, ATTORNEY-IN-CHARGE**
rthompson@thompsoncoe.com
State Bar No. 24029862
Southern District No.: 17055
**BRETT GARDNER**
bgardner@thompsoncoe.com
State Bar No. 24078539
Southern District No.: 3016873

THOMPSON, COE, COUSINS & IRONS, LLP.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:   (214) 871-8209

**COUNSEL FOR DEFENDANTS**
**UNITED PROPERTY & CASUALTY**
**INSURANCE COMPANY AND ANA**
**SANDERLIN**


## CERTIFICATE OF SERVICE

This is to certify that on the 19th day of January, 2017, a true and correct copy of the foregoing was delivered to the following counsel of record by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

Chad T. Wilson
Stephen Mengis
Chad T. Wilson Law Firm PLLC
1322 Space Park Drive, Suite A155
Houston, Texas 77058
        *Counsel for Plaintiff*


/s/ Rhonda J. Thompson
Rhonda J. Thompson