

Filed
12/13/2016 5:09:51 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Michelle Jensen

CAUSE NO. **16-DCV-237756** _____

| | | |
|---|---|---|
| **DONALD HUGHES,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | **FORT BEND COUNTY, TEXAS** |
| **INSURANCE COMPANY,** | § | |
| **ANA SANDERLIN, and** | § | |
| **ROCKLAND INSURANCE AGENCY** | § | Fort Bend County - 434th Judicial District Cou |
| **INC.,** | § | |
| **Defendants.** | § | _____ **DISTRICT COURT** |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Donald Hughes, Plaintiff herein, and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of United Property & Casualty Insurance Company ("UPC"), Ana Sanderlin ("Sanderlin"), and Rockland Insurance Agency Inc. ("Rockland") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.  Plaintiff, Donald Hughes, resides in Fort Bend County, Texas.

3.  Defendant, United Property & Casualty Insurance Company, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon United Property & Casualty Insurance Company through its



**EXHIBIT**
**D**

registered agent for service, **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Plaintiff requests service at this time.

4.  Defendant, Ana Sanderlin, is an adjuster who resides in Miramar, Florida. Plaintiff requests service of citation upon Ana Sanderlin at the address listed with the Texas Department of Insurance: **2440 Montego Drive, Miramar, Florida 33023**. Plaintiff requests service at this time.

5.  Defendant, Rockland Insurance Agency Inc., is a general lines insurance agency, that engages in the business of selling property and casualty insurance in the State of Texas, and who operates under the course and working scope of employment with United Property & Casualty Insurance Company. Plaintiff requests service of citation upon Rockland Insurance Agency Inc. at its place of business: **2740 FM 359, Richmond, Texas 77406**. Plaintiff requests service at this time.

## JURISDICTION

6.  The Court has jurisdiction over United Property & Casualty Insurance Company because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Fort Bend County, Texas, with reference to this specific case.

7.  The Court has jurisdiction over Ana Sanderlin because this Defendant engaged in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of her business activities in the State of Texas, including those in Fort Bend County, Texas, with reference to this specific case.

8.    The Court has jurisdiction over Rockland Insurance Agency Inc. because this Defendant engages in the business of selling property and casualty insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Fort Bend County, Texas, with reference to this specific case.

### VENUE

9.    Venue is proper in Fort Bend County, Texas, because the insured property is located in Fort Bend County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Fort Bend County, Texas.   TEX. CIV. PRAC. & REM. CODE § 15.032.

### FACTS

10.   Plaintiff asserts claims for fraud, breach of contract, negligence, gross negligence, negligent hiring, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

11.   Plaintiff owns an UPC homeowner's insurance policy, number UTH 0304956 00 42 ("the Policy"), which was issued by UPC.   At all relevant times, Plaintiff owned the insured premises located at 2618 Old South Drive Richmond, Texas 77406 ("the Property").

12.   Plaintiff came by UPC through the recommendation of Rockland, and ultimately purchased the Policy through Rockland.   At the time the Policy was purchased, Rockland represented that the Policy Plaintiff purchased provided full coverage for hailstorm and windstorm losses.

3

13. In correspondence to Plaintiff dated July 9, 2016, Sanderlin stated that the investigation revealed the roof showed no damage caused by a covered cause of loss. Your roof did not show any wind or hail damage."

14. Based on wrongfully applied provisions in the Policy, UPC has refused substantive coverage which includes, but is not limited to, replacement of the storm damaged roofs and repair of the storm damaged interior.

15. If Plaintiff had been informed by Rockland that she could have received better coverage from another carrier's Policy or more effective customer service with respect to claims handling, Plaintiff would have purchased a different Policy altogether.

16. On or about June 1, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Fort Bend County, Texas, area.

17. In the aftermath of the hail and windstorm, Plaintiff submitted a claim to UPC against the Policy for damage to the Property.   UPC assigned claim number 2016TX023069 to Plaintiff's claim.

18. Plaintiff asked UPC to cover the cost of damage to the Property pursuant to the Policy.

19. UPC hired or assigned its agents, namely Sanderlin, to inspect and adjust the claim.  In UPC's denial letter, UPC "concluded there is not any damage to the property in question," and that the investigation of the roof "showed no damage caused by a covered cause of loss." Sanderlin's estimate generated an estimate of damages totaling $659.22, well below the Policy deductible of $5,500. This left Plaintiff no recovery to make proper repairs on their home.

20. UPC, through its agent, Sanderlin, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs, failed to include significant damage sustained by the Property in its estimate, and yielded an unrealistic amount to underpay coverage.

21. UPC has ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage that was not even included in Sanderlin's estimate. Despite the denial letter stating that no damage was found to the Property, Sanderlin's estimate did find covered damage to the roof exhaust vent, window screen on the left elevation, and fire pit cover. The third party inspector found severe hail damage to the entire 55 squares of Plaintiff's roof and suggested it be replaced along with the soft metal roof fixtures and other roofing components. Not only did Sanderlin not include these damaged items in his estimate, his estimate had damage for items that would tend to show hail damage easily, but rather than deepen his investigation, she denied the entire roof save for one exhaust vent.

22. The damage to Plaintiff's Property is currently estimated at $43,758.67.

23. Sanderlin had a vested interest in undervaluing the claims assigned to her by UPC in order to maintain her employment. The disparity in the number of damaged items in her report compared to that of the third party inspector's as well as the difference in valuation is evidence of fraud on the part of Sanderlin.

24. Furthermore, Sanderlin was aware of Plaintiff's deductible prior to inspecting the Property. Sanderlin had advanced knowledge of the damages she needed to document in order to be able to deny the claim.

25.     Sanderlin misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Sanderlin made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on her expertise and accept the fraudulent estimate as a true representation of the damages.

26.     After reviewing Plaintiff's Policy, Sanderlin misrepresented that the damage was caused by non-covered perils. Sanderlin used her expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

27.     As stated above, UPC and Sanderlin improperly and unreasonably adjusted Plaintiff's claim. Without limitation, UPC and Sanderlin misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

28.     UPC and Sanderlin made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. UPC and Sanderlin made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Sanderlin.

29.     Plaintiff relied on UPC and Sanderlin's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

30.     Upon receipt of the inspection and estimate reports from Sanderlin, UPC failed to assess the claim thoroughly. Based upon Sanderlin's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, UPC failed to provide coverage due under the Policy, and Plaintiff suffered damages.

31.     Because UPC and Sanderlin failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

32.     Furthermore, UPC and Sanderlin failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Sanderlin performed an unreasonable and substandard inspection that allowed UPC to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

33.     UPC and Sanderlin's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

34.     UPC and Sanderlin's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). UPC and Sanderlin have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, UPC and Sanderlin have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements,

with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

35. UPC and Sanderlin's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). UPC and Sanderlin failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

36. Additionally, after UPC received statutory demand on or about October 13, 2016, UPC has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

37. UPC and Sanderlin's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Sanderlin performed a biased and intentionally substandard inspection designed to allow UPC to refuse to provide full coverage to Plaintiff under the Policy.

38. Specifically, UPC and Sanderlin performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

39. UPC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Sanderlin subpar inspection, UPC failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

40. UPC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Sanderlin's intentional undervaluation of Plaintiff's claims, UPC failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Sanderlin's understatement of the damage to the Property caused UPC to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

41. UPC and Sanderlin's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY

42. All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

43. UPC is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between UPC and Plaintiff.

44. UPC's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of UPC's insurance contract with Plaintiff.

9

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

45.    UPC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

46.    UPC's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

47.    UPC's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though UPC's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

48.    UPC's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

49.    UPC's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

50.    UPC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

51.    UPC's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

52.    UPC's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

53.    UPC's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though UPC knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### DTPA VIOLATIONS

54.    UPC's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by UPC pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against UPC. Specifically, UPC's violations of the DTPA include, without limitation, the following matters:

A.    By its acts, omissions, failures, and conduct, UPC has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  UPC's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    UPC represented to Plaintiff that the Policy and UPC's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    UPC represented to Plaintiff that UPC's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    UPC advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    UPC breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.    UPC's actions are unconscionable in that UPC took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.    UPC's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.      UPC's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

55.    Each of the above-described acts, omissions, and failures of UPC is a producing cause of Plaintiff's damages.    All of UPC's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## NEGLIGENT HIRING

56.    UPC has a basic duty as an employer who retains services of another to use reasonable care in investigating the background of that individual for fitness for the position, to remain knowledgeable of that fitness, and is liable if another person suffers damages because of a lack of fitness. Defendant UPC owed a duty to Plaintiff and that duty was breached.

57.    UPC was negligent in that it knew or should have known that Sanderlin was an incompetent adjuster and unfit to handle claims on behalf of UPC. Specifically, UPC should have known Sanderlin was incapable of performing the tasks necessary to perform a reasonable property damage inspection.

58.    UPC failed to investigate, screen or supervise Sanderlin, who was the proximate cause of the damages suffered by Plaintiff in this action.

## FRAUD

59.    UPC is liable to Plaintiff for common law fraud.

60.    Every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as he did, and UPC knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

61. UPC made these statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon these statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT ANA SANDERLIN

62. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

63. Sanderlin's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

64. Sanderlin is individually liable for her unfair and deceptive acts, irrespective of the fact that she was acting on behalf of UPC, because Sanderlin is a "person" as defined by TEX. INS. CODE §541.002(2).

65. Sanderlin's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

66. Sanderlin's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a) (3).

67. Sanderlin knowingly underestimated the amount of damage to the Property. As such, Sanderlin failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

68. Furthermore, Sanderlin did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

## DTPA VIOLATIONS

69. Sanderlin's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Sanderlin pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Sanderlin. Specifically, Sanderlin's violations of the DTPA include the following matters:

A. By her acts, omissions, failures, and conduct, Sanderlin has violated sections 17.46(b) (2), (5), and (7) of the DTPA. Sanderlin's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. Sanderlin represented to Plaintiff that the Policy and her adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.     Sanderlin represented to Plaintiff that the Policy and her adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b) (7) of the DTPA.

D.     Sanderlin's actions are unconscionable in that Sanderlin took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Sanderlin's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.     Sanderlin's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

70.     Each of Sanderlin's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Sanderlin, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

### NEGLIGENCE

71.     Sanderlin was negligent in her action and/or omission with regard to her adjusting of Plaintiff's claim. Sanderlin violated the standard of care and fell below the applicable standard of an insurance adjuster licensed by the state of Texas. Those failures include one or more of the following acts or omissions:

A.     Failure to conduct a reasonable inspection;

B.     Failure to include covered damage that would be discovered as a result of a reasonable inspection;

16

C.    Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

D.    Failure to properly identify the cost of proper repairs to Plaintiff's Property; and

E.    Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to the Property.

72.   Sanderlin's acts and/or omissions constitute negligence. Her conduct was the proximate cause of the damages sustained by Plaintiff.

73.   At all relevant times, Sanderlin was an agent or employee of Defendant UPC.

74.   Sanderlin's unreasonable inspection was performed within the course and scope of her duties with Defendant UPC. Therefore, UPC is also liable for the negligence of Sanderlin through the doctrine of respondeat superior.

### GROSS NEGLIGENCE

75.   Sanderlin's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

A.    Sanderlin's actions when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk of harm to Plaintiff, considering the probability and magnitude of potential harm to Plaintiff; and

B.    Sanderlin had actual, subjective awareness of the of the risk involved, but never-the-less, proceeded with conscious indifference to the rights, safety or welfare of Plaintiff.

### CAUSES OF ACTION AGAINST ROCKLAND INSURANCE AGENCY INC.

76.   All paragraphs from the fact section of this petition are hereby incorporated into this section.

## DTPA VIOLATIONS

77.     Rockland's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
        Act ("DTPA"), TEX. BUS. & COM. CODE 17.46. Specifically, its violations of the DTPA
        include, without limitation, the following matters:

        A.      By its acts, omissions, failures, and conduct, Rockland violated sections
                17.46(b)(2) and 17.46(b)(5) of the DTPA. Rockland's violations include causing
                confusion as to the Policy benefits, and representing that the Policy had benefits or
                characteristics that it did not possess.

        B.      Rockland breached an express warranty during the sale of the Policy that the
                damages caused by wind and hail would be covered under the Policy, when they
                were not. This breach entitles Plaintiff to recover under sections 17.46(b)(12),
                17.46(b)(20), and 17.50(a)(2) of the DTPA.

        C.      The conduct, acts, omissions, and failures of Rockland are unfair practices in the
                business of insurance in violation of section 17.50(a)(4) of the DTPA.

        D.      The conduct, acts, omissions, and failures of Rockland are unconscionable in that
                it took advantage of Plaintiff's lack of knowledge, ability, and experience to a
                grossly unfair degree. This unconscionable conduct gives Plaintiff a right to relief
                under section 17.50(a)(3) of the DTPA.

78.     Each of the above-described acts, omissions, and failures is a producing cause of Plaintiff's
        damages. All of the above-described acts, omissions, and failures were committed
        "knowingly" and "intentionally" by Rockland, as defined by the Texas Deceptive Trade
        Practices Act. TEX. BUS. & COM. CODE 17.45.

## NEGLIGENCE

79.    Rockland was negligent in its action and/or omission with regard to its explanation of the
terms of coverage regarding Plaintiff's Policy. Rockland violated the standard of care and
fell below the applicable standard of an insurance agent licensed by the state of Texas.
Those failures include one or more of the following acts or omissions:

A.    Failure to adequately explain the coverage provided by the Policy;

B.    Failure to adequately explain the exclusions to coverage under the Policy;

C.    Failure to adequately explain endorsements added to Plaintiff's Policy;

D.    Failure to adequately explain what type of damage is not covered and why under
the Policy; and

E.    Failure to communicate to Plaintiff that UPC would attempt to deny covered
damage under the Policy.

80.    Rockland's acts and/or omissions constitute negligence.  Its conduct was the proximate
cause of the damages sustained by Plaintiff.

81.    At all relevant times, Rockland was an agent or employee of Defendant UPC.

82.    Rockland's unreasonable actions and omissions were performed within the course and
scope of its duties with Defendant UPC. Therefore, UPC is also liable for the negligence
of Rockland through the doctrine of respondeat superior.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: MISREPRESENTATION REGARDING POLICY OR INSURER

83.     Rockland's conduct constitutes multiple violations of the Texas Insurance Code, Misrepresentations Regarding Policy or Insurer.  TEX. INS. CODE §541.051(1)(a) and TEX. INS. CODE §541.051(1)(b).  Specifically, Rockland misrepresented that the Policy afforded benefits in the form of payment for hail and wind damages, when the Policy did not.

### KNOWLEDGE

84.     Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

### WAIVER AND ESTOPPEL

85.     Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

### DAMAGES

86.     The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

87.     Plaintiff currently estimates that actual damages to the Property under the Policy are $43,758.67.

88.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

89.    For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of their claims, consequential damages, together with attorney's fees.

90.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

91.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

92.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount UPC owed, exemplary damages, and damages for emotional distress.

93.    Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with

"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

94.     For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

95.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

96.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seek only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually

awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

97.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

98.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Fort Bend County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, United Property & Casualty Insurance Company, Ana Sanderlin, and Rockland Insurance Agency Inc. be cited and served to appear, and that upon trial hereof, Plaintiff, Donald Hughes, recover from Defendants, United Property & Casualty Insurance Company, Ana Sanderlin, and Rockland Insurance Agency Inc. such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: */s/ Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Stephen Mengis
Bar No. 24094842
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
smengis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF